JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KELLY MCHUGH

**DEFENDANTS**

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST

**(b)** County of Residence of First Listed Plaintiff   Chester County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❐ 1  U.S. Government
       Plaintiff

❐ 3  Federal Question
       *(U.S. Government Not a Party)*

❐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❐ 1 | Incorporated *or* Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business In Another State | ❐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 625 Drug Related Seizure of Property 21 USC 881 | ❐ 422 Appeal 28 USC 158 | ❐ 375 False Claims Act |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 365 Personal Injury - | ❐ 690 Other | ❐ 423 Withdrawal | ❐ 376 Qui Tam (31 USC |
| ❐ 130 Miller Act | ❐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❐ 140 Negotiable Instrument | Liability | ❐ 367 Health Care/ | | | ❐ 400 State Reapportionment |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❐ 410 Antitrust |
| ❐ 151 Medicare Act | ❐ 330 Federal Employers' | Product Liability | | ❐ 820 Copyrights | ❐ 430 Banks and Banking |
| ❐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ❐ 368 Asbestos Personal Injury Product Liability | | ❐ 830 Patent | ❐ 450 Commerce |
| | ❐ 340 Marine | | | ❐ 835 Patent - Abbreviated New Drug Application | ❐ 460 Deportation |
| | ❐ 345 Marine Product Liability | | | ❐ 840 Trademark | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❐ 480 Consumer Credit |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle | ❐ 370 Other Fraud | ❐ 710 Fair Labor Standards | ❐ 861 HIA (1395ff) | ❐ 490 Cable/Sat TV |
| ❐ 190 Other Contract | Product Liability | ❐ 371 Truth in Lending | Act | ❐ 862 Black Lung (923) | ❐ 850 Securities/Commodities/ |
| ❐ 195 Contract Product Liability | ❐ 360 Other Personal Injury | ❐ 380 Other Personal Property Damage | ❐ 720 Labor/Management Relations | ❐ 863 DIWC/DIWW (405(g)) | Exchange |
| ❐ 196 Franchise | ❐ 362 Personal Injury - | ❐ 385 Property Damage | ❐ 740 Railway Labor Act | ❐ 864 SSID Title XVI | ❐ 890 Other Statutory Actions |
| | Medical Malpractice | Product Liability | ❐ 751 Family and Medical | ❐ 865 RSI (405(g)) | ❐ 891 Agricultural Acts |
| | | | Leave Act | | ❐ 893 Environmental Matters |
| | | | ❐ 790 Other Labor Litigation | | ❐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❐ 896 Arbitration |
| ❐ 210 Land Condemnation | ❐ 440 Other Civil Rights | **Habeas Corpus:** | | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 899 Administrative Procedure |
| ❐ 220 Foreclosure | ❐ 441 Voting | ❐ 463 Alien Detainee | | ❐ 871 IRS—Third Party 26 USC 7609 | Act/Review or Appeal of |
| ❐ 230 Rent Lease & Ejectment | ❐ 442 Employment | ❐ 510 Motions to Vacate Sentence | | | Agency Decision |
| ❐ 240 Torts to Land | ❐ 443 Housing/ Accommodations | ❐ 530 General | | | ❐ 950 Constitutionality of |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment | ❐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other | **Other:** | ❐ 462 Naturalization Application | | |
| | ❐ 448 Education | ❐ 540 Mandamus & Other | ❐ 465 Other Immigration Actions | | |
| | | ❐ 550 Civil Rights | | | |
| | | ❐ 555 Prison Condition | | | |
| | | ❐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

❐ 2  Removed from
       State Court

❐ 3  Remanded from
       Appellate Court

❐ 4  Reinstated or
       Reopened

❐ 5  Transferred from
       Another District
       *(specify)*

❐ 6  Multidistrict
       Litigation -
       Transfer

❐ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332

Brief description of cause:
Motor vehicle collision in Tredyffrin Township, PA.

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/27/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |  |
|---|---|---|---|
| KELLY MCHUGH | Plaintiff, | : : : : | CIVIL ACTION |
| v. | | : | |
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST | Defendant. | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( x )

| 05/27/2026 | | KELLY MCHUGH |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Tredyffrin Township, PA

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?          Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLY MCHUGH<br>1420 Stirling Drive<br>Wayne, PA 19087 | : CIVIL ACTION<br>:<br>: No._____<br>: |
|          Plaintiff, | :<br>: |
|    v. | :<br>: |
| SELECTIVE INSURANCE COMPANY<br>OF THE SOUTHEAST<br>3426 Toringdon Way, Suite 200<br>Charlotte, NC 28277 | :<br>:<br>: |
|          Defendant. | :<br>: |

## COMPLAINT

Plaintiff, Kelly McHugh ("Ms. McHugh" or "Plaintiff"), through her undersigned attorney, brings the following Complaint against the above-captioned Defendant.

## PARTIES

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 1420 Stirling Drive, Wayne, PA 19087.

2. Defendant, Selective Insurance Company of the Southeast ("Selective" or "Defendant"), is, upon information and belief, a corporation, partnership or other business entity with a place of incorporation of, principal place of business and citizenship of 3426 Toringdon Way, Suite 200, Charlotte, NC 28277.

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and domiciliary of the Commonwealth of Pennsylvania and Defendant is a corporation, partnership or other business entity with a place of incorporation, principal place of business of and citizenship of the State of North Carolina.

4. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Tredyffrin Township, PA, within this District.

**FACTS**

7. On October 13, 2025, Ms. McHugh was severely injured when Iryna Kiktova ("Ms. Kiktova") negligently attempted to make a U-turn from the right lane across Ms. McHugh's lane of travel and struck Ms. McHugh's vehicle.

8. At the time of the collision, Ms. McHugh was traveling straight on Lancaster Avenue near the intersection with Bearhill Road in Tredyffrin Township, Chester County, PA.

9. Ms. Kiktova/her vehicle were insured by Allstate Insurance at the time of the collision.

10. Ms. McHugh's first-party auto policy through Selective, policy (Policy # F5400323) carries an Underinsured Motorist ("UIM") limit of $100,000.00/$300,000.00. A true and correct copy of the Selective Insurance Declarations Page is attached hereto, incorporated herein and marked as Exhibit "A."

2

11. Prior to the institution of this suit, Ms. McHugh accepted an offer of a full tender of Ms. Kiktova'ss third-party bodily injury insurance limits through Allstate Insurance.

12. Such third-party resolution was expressly sanctioned/approved by Selective, for the purposes of Ms. McHugh maintaining all of her rights to pursue an underinsured motorist claim, as set forth below. A true and correct copy of the May 5, 2026 letter from Selective, approving of the underlying third-party bodily injury settlement, is attached hereto, incorporated herein, and marked as Exhibit "B."

13. Ms. McHugh was not charged nor deemed at fault for her role in the subject collision.

14. Ms. Kiktova was deemed at-fault in the subject collision by the responding Tredyffrin Township Police Department.

15. Such violent collision caused Ms. McHugh to **a)** sustain the permanent injuries described below, that have caused her body to not heal or function normally with further medical treatment; and **b)** suffer significant financial harm.

16. As the direct and proximate cause of Ms. Kiktova's negligence as stated above, Ms. McHugh has suffered severe permanent physical injury and financial loss.

17. The injuries that Ms. McHugh has sustained are permanent in nature. Ms. McHugh has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

18. As a further result of the above negligent acts committed by Ms. Kiktova, Ms. McHugh has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

3

19. In addition, Ms. McHugh has suffered other economic injury and will likely continue to suffer such economic injury.

20. Ms. Kiktova operated her vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

21. Ms. Kiktova had a duty to Ms. McHugh to not operate her vehicle in such a careless and/or negligent manner.

22. Ms. Kiktova breached said duty, as set forth below.

23. As a direct and proximate result of the aforesaid acts, omissions, carelessness, and/or negligence on the part of Ms. Kiktova, Ms. McHugh suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to her regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

24. The aforesaid accident was caused by the negligence and/or carelessness of Ms. Kiktova, because she:

   a. Failed to keep her vehicle under control at all relevant times;

   b. Was driving at an excessive speed under the circumstances;

   c. Attempted to make a U-turn from the right lane, across Plaintiff's lane of travel;

   d. Violated the Assured Clear Distance Ahead Rule;

   e. Disregarded traffic signals and signs;

   f. Failed to keep a proper lookout;

   g. Violently struck Plaintiff's vehicle;

   h. Was driving in distracted fashion;

4

    i.    Caused a violent collision to take place; and

    j.    Otherwise failed to exercise due care under the circumstances.

25. As the result of the above-referenced accident, Ms. McHugh suffered painful and serious injuries, including, but not limited to:

    a.    disc herniations at C6-C7;

    b.    radiculopathy;

    c.    cervicalgia;

    d.    nerve damage throughout her body;

    e.    strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

    f.    torn ligaments and tendons throughout her body, the extent of which is presently unknown;

    g.    head injuries, the extent of which is presently unknown; and

    h.    emotional harm, the extent of which is presently unknown.

26. As a result of such accident, Ms. McHugh has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

27. As a result of such accident, Ms. McHugh suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

28. As a further result of such accident, Ms. McHugh has suffered and will continue to suffer a loss of life's pleasures.

<u>**COUNT ONE –BREACH OF CONTRACT**</u>

29. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

30. In accordance with the policy of insurance (Policy # F5400323), which Ms. McHugh and

5

Selective entered into, for valuable consideration, Ms. McHugh made a claim for benefits under the policy at issue.

31. Upon information and belief, Selective improperly, unjustifiably and unconscionably attempted to deny benefits due and/or failed to timely pay benefits due under the policy pursuant to a bias.

32. Selective misrepresented and deliberately under-evaluated Ms. McHugh's UIM claim.

33. Selective has refused and failed to pay the reasonable value of Ms. McHugh's UIM claim.

34. Selective has wrongfully withheld benefits owed to Ms. McHugh pursuant to the policy.

35. Selective did so by knowingly evaluating its financial interests above the interests of its insured.

36. As a further consequence of Selective's breach of the Insurance Policy, Selective has been unjustifiably enriched to the detriment of Ms. McHugh.

37. As a further consequence of Selective's breach of the Insurance Policy, Ms. McHugh has suffered losses, including but not limited to loss of use of benefits payable.

38. The actions of Selective described in this Complaint represent a breach of contract.

39. As a result of Selective's actions as described, they breached their obligation of good faith and fair dealing.

40. Ms. McHugh had been damaged in a sum not yet fully determined, but in any event to be proved at the time of trial.

41. Ms. McHugh is not in possession of the subject contract governing her insurance coverage with Selective and is therefore unable to attach it to this Complaint. However, Selective is in possession of the same and is on notice of the contractual provisions that Ms. McHugh alleges have been breached.

6

WHEREFORE, Plaintiff, Kelly McHugh, demands judgment against the Defendant, Selective, in an amount in excess of $75,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

THE BARRIST FIRM, LLC

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date:  May 27, 2026

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY MCHUGH<br>1420 Stirling Drive<br>Wayne, PA 19087 | : CIVIL ACTION<br>:<br>: No._____<br>:<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>SELECTIVE INSURANCE COMPANY :<br>OF THE SOUTHEAST :<br>3426 Toringdon Way, Suite 200 :<br>Charlotte, NC 28277 :<br>:<br>Defendant. : |

## JURY DEMAND

Plaintiff, Kelly McHugh, hereby demands a trial by twelve (12) jurors.


Respectfully submitted,

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff


Date:  May 27, 2026

8